831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eunus A. HOWELL, Plaintiff-Appellant,
v.
Bob RICHARDSON, Sheriff George Rogers, Chief Deputy Gary
Robbins, Detective Curtis Biggs, Deputy Vaugh
Jeffreys, Deputy, Defendants-Appellees.
 No. 87-5363.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon review of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed this prisoner civil rights action in the district court pursuant to 42 U.S.C. Sec. 1983 against the defendant jail officials on June 14, 1984. Plaintiff alleged that defendants violated his civil rights in three ways: (1) by confiscating and destroying certain personal property, (2) by deliberate indifference to his serious medical needs, and (3) by denying plaintiff the right to attend religious services held in the jail. The district court granted defendants' motions to dismiss plaintiff's first and third claims for failure to state a claim upon which relief may be granted, and likewise granted the defendants' motion for summary judgment regarding plaintiff's second claim on February 5, 1987. Plaintiff appeals.
 
 
 3
 First, plaintiff's claim based upon defendants' alleged deprivation of his personal property was properly dismissed because such a claim is not cognizable under 42 U.S.C. Sec. 1983 if an adequate state remedy exists to redress such a deprivation. Hudson v. Palmer, 468 U.S. 517 (1984). Here, Tennessee has provided a remedy pursuant to Tenn. Code Ann. Sec. 9-8-307. See Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985). Likewise, the district court properly granted summary judgment for defendants regarding plaintiff's claim of deliberate indifference to his serious medical needs because plaintiff failed to allege sufficient facts to support such a claim under Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Hence, plaintiff failed to establish the existence of a genuine issue of material fact, and summary judgment was appropriate. See Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133-34 (6th Cir.1986).
 
 
 4
 However, we believe that plaintiff sufficiently alleged a deprivation of his first amendment right to freely exercise his religion to withstand defendants' motion to dismiss. Although other prisoners were allowed to attend, plaintiff alleged he was denied the opportunity to attend religious services held in the jail. The plaintiff was not claiming a deprivation of a right to attend religious services outside the jail, rather, he sought to enjoy the right to freely exercise his religion in a manner similarly enjoyed by all other prisoners within the jail. Given the indulgence with which such complaints must be read, Brooks v. Seiter, 779 F.2d 1177, 1179-80 (6th Cir.1985), it does not appear beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A claim was therefore facially stated by the plaintiff. See Espinoza v. Wilson, 814 F.2d 1093 (6th Cir.1987) (per curiam).
 
 
 5
 Therefore, it is ORDERED that the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit, insofar as it dismissed plaintiff's claims for deprivation of his personal property and for deliberate indifference to his serious medical needs; however, the judgment is vacated pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, and the case is remanded to the district court for further proceedings consistent with this order insofar as it dismissed plaintiff's first amendment claim. In so ordering, we express no opinion regarding the ultimate merits of plaintiff's remaining claim.